**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-5090**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DARRYL DEMETRIA BOSTIC,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:08-cr-00373-RBH-3)

———————

Submitted:  September 28, 2010     Decided:  September 30, 2010

———————

Before WILKINSON, SHEDD, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

C. Frederic Marcinak, III, SMITH MOORE LEATHERWOOD LLP, Greenville, South Carolina, for Appellant. Carrie Ann Fisher, Rose Mary Sheppard Parham, Assistant United States Attorneys, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Demetria Bostic pled guilty pursuant to a written plea agreement to conspiracy to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006). The district court imposed a 235-month sentence. Counsel for Bostic filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court fashioned a reasonable sentence and whether it gave sufficient reasoning for its chosen sentence. Finding no reversible error, we affirm.

A review of the record reveals no error in sentencing. When determining a sentence, the district court must calculate the appropriate advisory guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, 49-50 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Id. at 41. Sentences within the applicable guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Bostic, appropriately treating the sentencing guidelines as advisory, properly calculating and considering the applicable guidelines range, and weighing the relevant § 3553(a) factors. Bostic's guidelines range was 210 to 262 months. The parties agreed on a sentence of 235 months, which the court imposed. Bostic's within-guidelines sentence may be presumed reasonable by this court. Pauley, 511 F.3d at 473. We conclude that the district court did not abuse its discretion in imposing the chosen sentence.

Bostic filed a pro se supplemental brief arguing that he received ineffective assistance in guilty plea proceedings, resulting in an invalid guilty plea, and received ineffective assistance of counsel in failing to object to the drug amount found for sentencing purposes. Bostic's Fed R. Crim. P. 11 hearing was properly conducted and he did not raise any objections related to the voluntariness of his plea. We may address on direct appeal a claim that counsel was ineffective only if the ineffectiveness appears conclusively on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). On our review, no ineffective assistance appears conclusively on the record.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bostic, in writing, of the right to petition the Supreme Court of the United States for further review. If Bostic requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bostic.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4